IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

PATRICK T. SEREN                                         CASE NO.    6:16-bk-04605-RAC
*aka* PATRICK THOMAS SEREN
TIFFANY  SEREN                                           CHAPTER    7
*aka* TIFFANY BRIE SEREN

　　　　　Debtors.
_____/

**MOTION FOR RELIEF FROM AUTOMATIC STAY**

NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

**PURSUANT TO LOCAL RULE 2002-4, THE COURT WILL CONSIDER THIS MOTION, OBJECTION OR OTHER MATTER WITHOUT FURTHER NOTICE OR HEARING UNLESS A PARTY IN INTEREST FILES A RESPONSE WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE OF THIS PAPER PLUS AN ADDITIONAL THREE DAYS FOR SERVICE.  IF YOU OBJECT TO THE RELIEF REQUESTED IN THIS PAPER, YOU MUST FILE YOUR OBJECTION WITH THE CLERK OF THE COURT AT THE UNITED STATES BANKRUPTCY COURT, 400 W. WASHINGTON STREET, SUITE 5100, ORLANDO, FLORIDA, 32801, AND SERVE A COPY ON THE MOVANT'S ATTORNEY, BUCKLEY MADOLE, P.C., P. O. BOX 22408, TAMPA, FLORIDA, 33622.**

**IF YOU FILE AND SERVE AN OBJECTION WITHIN THE TIME PERMITTED, THE COURT MAY SCHEDULE A HEARING AND YOU WILL BE NOTIFIED, OR THE COURT MAY CONSIDER THE OBJECTION AND MAY GRANT OR DENY THE RELIEF REQUESTED WITHOUT A HEARING.  IF YOU DO NOT FILE AN OBJECTION WITHIN THE TIME PERMITTED, THE COURT WILL CONSIDER THAT YOU DO NOT OPPOSE THE GRANTING OF THE RELIEF REQUESTED IN THE PAPER, WILL PROCEED TO CONSIDER THE PAPER WITHOUT FURTHER NOTICE OR HEARING, AND MAY GRANT THE RELIEF REQUESTED.**

　　U.S. Bank National Association, as Trustee for J.P. Morgan Mortgage Acquisition Trust

2006-NC1, Asset Backed Pass-Through Certificates, Series 2006-NC1, its successors and/or

assigns ("Movant"), by and through its undersigned attorney, moves the Court for relief from the automatic stay pursuant to 11 U.S.C. §362(d)(1) and states:

1. On January 31, 2006, Patrick T Seren executed and delivered a promissory note in favor of New Century Mortgage Corporation. That same day Patrick T Seren and Tiffany Seren executed and delivered a mortgage securing payment of said note.

2. Movant, directly or through an agent, holds the promissory note and has the right to enforce and foreclose its lien. A copy of the promissory note, mortgage and assignment of mortgage is attached hereto and incorporated herein as Composite Exhibit "A."

3. Specialized Loan Servicing LLC services the loan on the Property referenced in this Motion. In the event the automatic stay in this case is modified, this case dismisses, and/or the Debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of Movant or Movant's successor or assignee. Movant, directly or through an agent, has possession of the Note. The Note is either made payable to Movant or has been duly endorsed. Movant is the original mortgagee or beneficiary or the assignee of the Mortgage/Deed of Trust.

4. The mortgage secures real property located in Volusia County, Florida, which is more particularly described as follows:

Lot 39, Block 874, DELTONA LAKES UNIT THIRTY-FOUR, according to the Plat thereof as recorded in Map Book 27, Pages 134 through 142, inclusive, of the Public Records of Volusia County, Florida.

**AKA 3190 Dudley Dr, Deltona, Florida 32738 ("Collateral").**

5. Debtors are in default. The contractual due date is September 1, 2013. As of July 21, 2016, the unpaid principal balance is $105,547.69 and, according to the Statement of Intention, Debtors indicate an intent to surrender the Collateral. A Declaration in Support of the Motion for

Relief from Stay is attached hereto and incorporated herein as Composite Exhibit "A."

6. The Collateral is not listed as exempt on Schedule C.

7. According to the Debtors' Schedules, the value of the Collateral is $62,482.00.

8. The address for post-petition payments is Specialized Loan Servicing LLC, PO Box 636007, Littleton, Colorado, 80163.

9. It would be inequitable to permit Debtors to retain the Collateral, as there is no equity in the Collateral and it is not necessary for an effective reorganization.

10. The value of the Collateral is insufficient to provide Movant with adequate protection.

11. Furthermore, Movant is not receiving payments from Debtors to protect against the erosion of its collateral position.

12. If Movant is not permitted to enforce its security interest in the Collateral, it will suffer irreparable injury, loss, and damage.

**WHEREFORE**, Movant, respectfully requests that the Court enter an order:

a. terminating the automatic stay;

b. permitting Movant to take any and all steps necessary to exercise any and all rights it may have in the Collateral described herein;

c. allowing Movant to gain possession of the Collateral; or

d. granting such other relief that the Court may deem just and proper.

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was served by CM/ECF notice and regular mail to the parties below this <u>22nd</u> day of <u>July</u>, <u>2016</u>.

**BUCKLEY MADOLE, P.C.**

*/s/ Austin M. Noel*
Austin M. Noel, Esquire
Florida Bar Number 106539
Buckley Madole, P.C.
P.O. Box 22408
Tampa, FL 33622
Telephone/Fax: 813-774-6221
bkfl@buckleymadole.com

**VIA REGULAR MAIL**
Patrick T. Seren
Tiffany Seren
3190 Dudley Drive
Deltona, FL 32738-1400

**VIA CM/ECF NOTICE**
Lloyd V. Osman
Kaufman Englett & Lynd PLLC
150 N Orange Ave Suite 100
Orlando, FL 32801-2317

**Chapter 7 Trustee**
Marie E. Henkel
3560 South Magnolia Avenue
Orlando, Florida 32806